**JEFFREY L. HAWKINS, *Pro Hac Vice***
Jeffrey.hawkins@hawkinsstetson.com
**HAWKINS & STETSON, P.C.**
**245 Park Avenue, 39th Floor**
**New York, NY 10167**
**Tel:   (860) 748-2159**
**Fax:   (888) 908-5236**

Attorneys for Defendants
S&P TRADING, INC., and
PEARL CHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTERBOX PRODUCTS, LLC, a Colorado Limited Liability Corporation | CASE NO.:  CV12-4209-PA (JEMx) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICITON, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** |
| vs. | |
| S & P TRADING, INC., a New York Corporation; PEARL CHEN, an Individual; and DOES 1-10, Inclusive | |
| Defendants. | Date:       August 27, 2012 |
| | Time:       1:30pm |
| | Room:      Hon. Percy Anderson |

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...........................................................................1

II.  CHRONOLOGICAL SUMMARY OF ALLEGATIONS THAT ARE
RELEVANT TO THIS MOTION ...................................................2

    A. DEFENDANTS .........................................................................2

    B. OTTERBOX AND ITS COMPLAINT ALLEGING TRADEMARK
       INFRINGEMENT..................................................................3

III. DISCUSSION ............................................................................ 4

    A. PERSONAL JURISDICTION: DEFENDANTS ARE NOT SUBJECT
       TO PERSONAL JURISDICTION IN THE STATE OF
       CALIFORNIA ..................................................................... 4

         i.   OTTERBOX CANNOT ESTABLISH GENERAL
            JURISDICTION BECAUSE DEFENDANTS HAVE NOT
            HAD CONTINUOUS AND SYSTEMATIC CONTACTS
            WITH CALIFORNIA...............................................5

         ii.  OTTERBOX CANNOT ESTABLISH SPECIFIC
            JURISDICTION OVER DEFENDANTS BECAUSE
            DEFENDANTS HAVE NOT PURPOSEFULLY DIRECTED
            ACTIVITIES AT CALIFORNIA AND THE EXERCISE OF
            JURISDICTION WOULD NOT BE REASONABLE... ......6

            1. DEFENDANTS DID NOT PURPOSEFULLY DIRECT
              ACTIVITIES AT CALIFORNIA ………...…..……...7

              a. DEFENDANTS FAIL THE "EFFECTS TEST"
                 BECAUSE THEY DID NOT "EXPRESSLY AIM"
                 ACTS AT CALIFORNIA…......…….…….…..7

              b. DEFENDANTS DID NOT KNOWINGLY CAUSE
                 HARM TO OTTERBOX IN
                 CALIFORNIA……………………….……...…8

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

2. THE CLAIMS DO NOT ARISE OUT OF THE DEFENDANTS' FORUM RELATED ACTIVITIES……………………………………….........9

3. EXERCISE OF JURISDICTION IS NOT REASONABLE……………………………………..10

B. TRANSFER OF VENUE: THE COURT SHOULD EXERCISE ITS DISCRETION TO TRANSFER THIS CLAIM TO THE EDNY…...13

i. THE VENUE IS PROPER IN THE EDNY AND THE ACTION MIGHT HAVE BEEN BROUGHT IN THAT DISTRICT………………………………………………...13

ii. THE CONVENIENCE OF THE PARTIES AND THE INTERESTS OF JUSTICE WOULD ONLY BE SERVED BY TRANSFERRING THE ACTION TO THE EDNY………..14

1. OTTERBOX'S CHOICE OF FORUM IS ENTITLED TO LESS DEFERENCE BECAUSE IT IS LOCATED IN COLORADO…………………………………….......14

2. THE CONVENIENCE OF THE WITNESSES FAVORS TRANSFER…………………………………………14

3. THE LOCATION OF THE EVENTS AND SOURCES OF PROOF ARE LOCATED IN NEW YORK, FAVORING A TRANSFER……………………………………...15

4. THE CONVENIENCE OF THE PARTIES FAVORS A TRANSFER………………………………………16

5. OTHER CONSIDERATIONS FAVOR A TRANSFER…………………………………………17

IV. **CONCLUSION** ...........................................................17

iii

## TABLE OF AUTHORITIES

**CASES**                                          **Page**

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,*
*325 F. Supp. 2d 535 (S.D.N.Y. 2004)* ................................................. 15

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082
(9th Cir. 2000) ......................................................... 4, 5, 7

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ............................ 4, 7, 8, 10

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir.1986) ........................... 5,6

*Brayton Purcell LLP v. Recordon & Recordon,*
2009 U.S. App. LEXIS 17389, *13 (9th Cir. August 5, 2009) ...................... 7

*Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)....7, 8, 9, 10

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004) ........... 4, 10

*Colonial Leasing Co. v. Pugh Brothers Garage*, 735 F.2d 380 (9th Cir. 1984) ...... 4

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1489 (9th Cir. 1993) ................. 11

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) .......... 5

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986). ....14

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) .................... 4

*Goldberg v. Cameron*, 482 F. Supp 2d 1136 (N.D. Cal. 2007) ..................... 9

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,*
820 F. Supp. 503 (C.D.Cal. 1992)...........................................13, 14, 15

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) .........15

*Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868,
80 L.Ed.2d 404 (1984)......................................................... 5

iv

HAWKINS & STETSON, P.C.
245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

*Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y. 1991) .................... 16

*Imagineline v. Hendricks*, 2009 U.S. Dist. LEXIS 71125
(C.D. Cal. August 12, 2009) ......................................................... 5, 6, 7, 8, 10, 12

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95
(1945) .......................................................................................................... 4

*Lake v. Lake*, 817 F.2d 1416 (9th Cir. 1987) .................................................... 9, 10

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) .............................. 14

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
243 F. Supp. 2d 1073 (C.D. Cal. 2003) ......................................................... 9

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed.
485 (1952) ................................................................................................ 5

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419
(1981) ...................................................................................................... 14, 17

*Salu, Inc. v. Original Skin Store*,
2008 U.S. Dist. LEXIS 73225 (E.D. Cal. Aug. 13, 2008) .......................... 6

*Zumba Fitness, LLC v. Gail Brage*,
2011 WL 4732812 (C.D. Cal. 2011) ............................................................ 16

**STATUTES**

28 U.S.C. 1391(b)(1) ....................................................................... 2, 13

28 U.S.C. 1391(b)(2) ....................................................................... 4, 13

28 U.S.C. 1404(a) ........................................................................... 2, 13

CAL. CODE. CIV. PROC. § 410.10 ................................................... 4

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

v

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

# I.   **INTRODUCTION**

Defendants S & P Trading, Inc. ("S&P") and Pearl Chen ("Chen") (collectively "Defendants") respectfully request that this Court dismiss this lawsuit for lack of personal jurisdiction, or alternatively transfer the venue to the United States District Court for the Eastern District of New York ("EDNY").  Neither Defendants nor Plaintiff Otterbox Products, LLC ("Otterbox") reside in the State of California.  Defendant S&P Trading, Inc. ("S&P") is a New York corporation with is sole address business address in College Point, New York. Defendant Pearl Chen ("Chen") is an individual, also residing in College Point, New York. Otterbox is a limited liability company with a principal address in Fort Collins, Colorado.

S&P is, and has always been, a New York corporation. Defendants have never owned real or personal property in the State of California, nor have they maintained an office in the State of California, had employees in California, conducted promotional or print, radio, television, or internet advertising in the State of California or such that was directed at California residents, nor have Defendants ever had employees in the State of California. The sole contacts that Defendants have had with the State of California were purchases allegedly made by a small number of California residents from the Defendants of the allegedly infringing products sold through a third-party websites such as eBay, Inc. ("eBay"). Defendants do not own or operate any website for the sale of products or the conduct of their business, nor do they own or operate any physical retail stores.

Defendants have never directed any business toward residents of the State of California, and Defendants could not have reasonably expected to be haled into court in California, thus Defendants do not have the minimum contacts required for Otterbox to reasonably assert that the United States District Court for the Central District of California ("CDCA") has personal jurisdiction over Defendants.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

1    Similarly, the inconvenience to the parties and witnesses warrants a transfer

2    of venue. Under the relevant venue statute, 28 U.S.C. § 1391(b)(1), "a civil action

3    may be brought in … a judicial district in which any defendant resides." Moreover,

4    the relevant change of venue statute, 28 U.S.C. § 1404(a), provides that "(f)or the

5    convenience of the parties and witnesses, in the interest of justice, a district court

6    may transfer any civil action to any other district or division where it might have

7    been brought … ."

8        Because this Court lacks jurisdiction over Defendants, it is respectfully

9    requested that Otterbox's Complaint be dismissed, with prejudice. However, if the

10   Court finds that personal jurisdiction is established, it is respectfully requested that

11   the Court transfer venue to the EDNY, where venue is proper.

12

13   **II.    CHRONOLOGICAL SUMMARY OF ALLEGATIONS THAT**

14   **ARE RELEVANT TO THIS MOTION**

15

16   **A. Defendants**

17       Defendant Chen is an individual residing in the State of New York, with an

18   address of 23-14 123rd Street, College Point, New York 11356. (Chen Decl. ¶ 5.).

19   Defendant S& P is a New York corporation with its principal address at 23-14

20   123rd Street, College Point, New York 11356, and is owned and operated by Chen

21   solely at her residence. (Chen Decl. ¶ 5, 6.). S&P's sole business activity is selling

22   accessories for mobile telephones and other handheld communication and

23   computing devices. (Chen Decl. ¶ 8.). S&P obtains products for sale through a

24   distributor, and retails such products using a third-party website operated by eBay

25   or similar websites. (Chen Decl. ¶ 8.).

26       All of S&P's products are sold through eBay and other similar websites, and

27   S&P has no physical retail offices or stores. (Chen Decl. ¶ 8.). S&P does not own

28   or operate a website of any kind. (Chen Decl. ¶ 9.). S&P has no employees in

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

California or elsewhere. (Chen Decl. ¶ 4.). S&P has not conducted any advertising
campaigns and does not have any advertisements in any form of media in
California or elsewhere. (Chen Decl. ¶ 9, 16.). Neither S&P nor Chen own any real
property in California, and Defendants have never been required to pay taxes in
California. (Chen Decl. ¶ 17.).

## B. Otterbox and its Complaint Alleging Trademark Infringement

On May 14, 2012, Otterbox filed the instant Complaint against Defendants
and Does 1-10, alleging claims for: (1) trademark infringement; (2) false
designation of origin/ unfair competition/ false or misleading advertising; (3)
trademark dilution; (4) unfair business practices; and (5) unjust enrichment. None
of these claims have merit.

Otterbox describes itself as "a Colorado Limited Liability Company, duly
authorized and licensed to conduct business in the State of Colorado." (Complaint,
¶ 2.). Its principal place of business is 209 S. Meldrum Street, Fort Collins,
Colorado 80521. Otterbox further describes itself as a "leading retailer of and
distributor of high-quality protective cases, peripherals and accessories for portable
electronic devices and computers." (Complaint, ¶ 12.).

Otterbox asserts that this Court has personal jurisdiction over Defendants
because Defendants have established minimum contacts with this District.
(Complaint, ¶ 8.). However, Otterbox alleges no facts that support a finding that
Defendants have such minimum contacts with, or that they directed business
activity at, the State of California. Instead, Otterbox supports its assertion by
merely alleging attenuated and unidentified purchases through eBay. The
Defendants did not purposefully avail themselves of the laws of this District, but
rather passively offered the alleged counterfeit products for purchase, by customers
in any state, through eBay. Moreover, as discussed in detail herein, Otterbox in its
Complaint alleges only one known instance of a purchase in California—such

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ∎ NEW YORK, NEW YORK 10167 ∎ TELEPHONE: 212-792-4295 ∎ FAX: 888-908-5236 ∎ WWW.HAWKINSSTETSON.COM

1    purchase was made by Otterbox itself. (Complaint, ¶ 26). This is insufficient to

2    establish jurisdiction.

3        With respect to venue, Otterbox claims that proper venue lies in this District

4    because, pursuant to 28 U.S.C. § 1391(b)(2), "a substantial part of the events or

5    omissions give rise to these claims occurred in this judicial district." (Complaint, ¶

6    10.). However, this neglects to account for the fact that by laying venue in the

7    CDCA, the parties and witnesses would be severely inconvenienced and burdened,

8    and the litigation would become unreasonably expensive and unjust.

9

10                         **III.    DISCUSSION**

11

12   **A. PERSONAL JURISDICTION: DEFENDANTS ARE NOT SUBJECT TO**
     **PERSONAL JURISDICTION IN THE STATE OF CALIFORNIA**

13

14       A plaintiff seeking to establish jurisdiction over a nonresident defendant

15   must assert facts that allege that the defendant has minimum contacts with the

16   forum state so as to not offend traditional notions of fair play and substantial

17   justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90

18   L.Ed. 95 (1945). The plaintiff bears the burden of showing, by a preponderance of

19   evidence, that jurisdiction is proper in the forum state. *Colonial Leasing Co. v.*

20   *Pugh Brothers Garage*, 735 F.2d 380, 383 (9th Cir. 1984); *see also Boschetto v.*

21   *Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

22       A district court may apply the laws of the forum state when no federal

23   statute specifically confers personal jurisdiction. *CE Distrib., LLC v. New Sensor*

24   *Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004); *see also Dole Food Co., Inc. v. Watts*,

25   303 F.3d 1104, 1110 (9th Cir. 2002). California's long-arm statute, CAL. CODE.

26   CIV. PROC. § 410.10, is applicable here, and "permits the exercise of personal

27   jurisdiction to the full extent permitted by due process." *Bancroft & Masters, Inc.*

28   *v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

1    A plaintiff can establish personal jurisdiction one of two ways: by

2    establishing general jurisdiction, or by establishing specific jurisdiction.

3    *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct.

4    1868, 80 L.Ed.2d 404 (1984). Here, plaintiff Otterbox can establish neither.

5
        i.   **Otterbox Cannot Establish General Jurisdiction Because Defendants**
6             **Have Not Had Continuous and Systematic Contacts with California**

7    General jurisdiction over a defendant can be established by a plaintiff if the

8    defendant is determined to have "substantial" or "continuous and systematic"

9    contacts with the forum state. *Data Disc, Inc. v. Systems Technology Associates,*

10   *Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) (citing *Perkins v. Benguet Consolidated*

11   *Mining Co.*, 342 U.S. 437, 446-47, 72 S.Ct. 413, 96 L.Ed. 485 (1952)). The

12   standard for establishing general jurisdiction is "fairly high." *Brand v. Menlove*

13   *Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). This standard requires that the

14   defendant's contacts be of the sort that approximate physical presence. *Bancroft &*

15   *Masters, Inc.*, 223 F.3d at 1086. However, merely "engaging in commerce with

16   residents of the forum state is not in and of itself the kind of activity that

17   approximates physical presence within the state's borders." *Id.* (emphasis added).

18   The Courts in this District consistently hold that the inability of a plaintiff to

19   establish that a non-resident defendant paid taxes in California, was licensed to do

20   business in California, owned property in California, or had employees in

21   California, is fatal to establishing continuous and systematic activity. *See*

22   *Imageline, Inc. v. David Hendricks, et al.*, 2009 U.S. Dist. LEXIS 71125, *9 (C.D.

23   Cal. August 12, 2009) (stating that defendant did not have "substantial, continuous,

24   or systematic activity sufficient to establish the Court's general jurisdiction over

25   Defendants" because plaintiffs could not show that the defendant maintained an

26   office, held addresses, advertised, or had employees in California, and the

27   defendant's sales were conducted only through eBay); *see also Bancroft &*

28

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

*Masters, Inc.*, 223 F.3d at 1086 (stating that "unsolicited sales" to California residents is insufficient to establish general jurisdiction over the defendant).

Like the defendant in *Imageline* whose contacts the court determined did not "approximate physical presence" in the CDCA, the Defendants here are only connected with California through online purchases via eBay and similar websites. *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at \*10-11; *see also Salu, Inc. v. Original Skin Store*, 2008 U.S. Dist. LEXIS 73225, \*6 (E.D. Cal. August 13, 2008). Here, the occasional purchases by California residents do not rise to the level of systematic and continuous contacts. *See Brand*, 796 F.2d at 1073 (occasional sales to California residents insufficient to create general jurisdiction). In fact, if Otterbox's allegations in its Complaint are taken as true, of the total alleged 2,518,375 units made available for sale on eBay by Defendants (Complaint, ¶ 24.), Otterbox can only document one unit worth $19.25 sold to a California resident through its investigation. (Complaint, ¶ 26.).

In fact, the Complaint merely envisions the possibility that other California residents will be found during the discovery process, not that the purchases were actually made by California residents. (Complaint, ¶ 32.). This nominal amount of alleged purchases does not rise to the level of activity seen in the *Imageline* and *Salu* cases, much less rise to the level of showing Defendants' alleged conduct approximated physical presence. Otterbox cannot establish general jurisdiction here.

ii.     **Otterbox Cannot Establish Specific Jurisdiction Over Defendants Because Defendants Have Not Purposefully Directed Activities at California and the Exercise of Jurisdiction Would Not Be Reasonable**

To determine whether specific jurisdiction can be established over a defendant, courts in the Ninth Circuit evaluate whether (1) the defendant has purposefully directed his activities or consummated some transaction the forum

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

HAWKINS & STETSON, .P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

1   state, or purposefully availed himself of the protections of the laws of the forum

2   state; (2) the claim arises out of the defendant's forum-related activities; and (3)

3   whether the exercise of jurisdiction is reasonable. *Boschetto*, 539 F.3d at 1016.

4   Otterbox cannot pass this test.

### 1.   Defendants did not purposefully direct activities at California

7   To determine purposeful direction in tort actions, courts apply the "effects

8   test" set forth in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804

9   (1984). The *Calder* court asked "whether a non-resident defendant's conduct

10   caused sufficient effects in the forum state to support the exercise of personal

11   jurisdiction over the defendant." *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at *7. The

12   "effects test" requires that a defendant commit an intentional act expressly aimed

13   at the forum state, and that act has caused harm that the defendant knew was likely

14   to be suffered in the forum state. *Calder*, 465 U.S. at 789. In its Complaint,

15   Otterbox alleges no facts to support a determination that Defendants committed an

16   intentional act aimed at California or that they knew that any alleged act would

17   cause harm in California.

### a.   Defendants fail the "effects test" because they did not "expressly aim" acts at California

21   To satisfy the "effects test" a plaintiff must show that the defendant

22   "expressly aimed" an intentional act at the forum state. *Id*. Even though Otterbox

23   asserts in its Complaint that Defendants committed an intentional act, they assert

24   no facts that establish that such act was "expressly aimed" at California or its

25   residents. The Ninth Circuit has made clear that "express aiming" "encompasses

26   wrongful conduct individually targeting a known forum resident." *Bancroft &*

27   *Masters, Inc.*, 223 F.3d at 1087. The Ninth Circuit has also held that express

28   aiming can be shown by "individually targeting" a known forum resident. *Brayton*

7

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

*Purcell LLP v. Recordon & Recordon*, 2009 U.S. App. LEXIS 17389, *13 (9th Cir. August 5, 2009). Here, Otterbox asserts no facts that would give rise to an inference that Defendants expressly aimed any alleged activities toward California. In fact, in its complaint Otterbox describes how it had to seek out the alleged counterfeit products through an investigation. (Complaint, ¶ 26.).

Moreover, the Ninth Circuit and this District have made clear that sales via eBay do not provide sufficient "minimum contacts" to establish jurisdiction over a nonresident defendant. *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at *13, citing *Boschetto*, 539 F.3d at 1014.  Like the Defendants here, both *Imageline* and *Boschetto* defendants sold items via eBay, and neither were California residents. The *Boschetto* court concluded that such a sale was "insufficient to have created a substantial connection to California" because it "did not create any ongoing obligations." *Id*. at 1017. The *Boschetto* court also held that the defendant, in selling via eBay, did not make purposeful contact with California but rather was "involved in the forum state only because that is where the purchaser happened to reside." *Id*. at 1019. Likewise, the *Imageline* court declined assert jurisdiction over the defendant because the "listings did not target California, but simply went to California residents who turned out to be eBay purchasers." *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at *14. In the instant case, S&P merely offered products for sale through eBay, and those products just so happened to be purchased by a very small number of California residents. Thus, Otterbox cannot establish that Defendants expressly aimed conduct at or individually targeted a known forum resident and cannot pass this portion of the *Calder* test.

### b. Defendants did not knowingly cause harm to Otterbox in California

Otterbox cannot maintain purposeful direction under the *Calder* test because Defendant did not knowingly cause Otterbox harm in California. Otterbox, by its

HAWKINS & STETSON, P.C.

245 PARK AVENUE ▪ NEW YORK, NEW YORK 10167 ▪ TELEPHONE: 212-792-4295 ▪ FAX: 888-908-5236 ▪ WWW.HAWKINSSTETSON.COM

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

1  own admission, is a Colorado limited liability company with its principal address

2  and corporate headquarters in Colorado. (Complaint, ¶ 1). Otterbox cannot sustain

3  this element of the "effects test" simply by claiming that alleged infringing

4  products were sold to an individual in California, because "damage to intellectual

5  property is not determinative of where the alleged infringer is subject to personal

6  jurisdiction." *Goldberg v. Cameron*, 482 F. Supp 2d 1136, 1146 (N.D. Cal. 2007).

7  Moreover, the CDCA has held that this element of the "effects test" is only

8  satisfied if the defendant "contributed to the infringement of Plaintiff's works, and

9  that it did so with full knowledge that much of the harm … would be suffered in

10  California." *Metro-Goldwyn-Mayer Studios Inc. v. Groskster, Ltd.*, 243 F. Supp. 2d

11  1073, 1090 (C.D. Cal. 2003). Here, Defendants did not expressly aim any activities

12  at California by simply making products available on eBay, and Defendants did not

13  cause any harm to a plaintiff in California because Otterbox is a Colorado

14  company. Thus, Otterbox cannot survive the *Calder* test.

### 2.  The claims do not arise out of Defendants' forum-related activities

17      As discussed under the *Calder* "effects test" and also under the test for

18  general jurisdiction above, Defendants did not engage in activities in the forum

19  state that allow jurisdiction to be conferred. The Ninth Circuit has determined that

20  "(t)his step [of the specific jurisdiction test] explores the relationship between the

21  cause of plaintiff's harm and the defendant's acts identified as creating purposeful

22  contacts with the forum state." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

23  Such relationship between the products that Defendants' made available for

24  purchase on eBay and any alleged harm incurred by Otterbox is too attenuated to

25  support this prong because Otterbox is not a forum resident, and because the

26  Defendants' contacts with the forum state are passive. Thus, Otterbox also fails

27  this prong of the test.

28

9

### 3.  The exercise of jurisdiction is not reasonable.

The final prong of the specific jurisdiction test requires the that "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Boschetto*, 539 F.3d at 1016 (citing *Lake*, 817 F.2d at 1421). Reasonableness is determined in the Ninth Circuit by evaluating seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

A correlation can be drawn between the first factor here, the requirement of "purposeful interjection," and the "express aiming" factor under the *Calder* test because Defendants did not actively direct sales toward California residents. Moreover, the *Imageline* court held that the defendant there was not purposely interjecting itself into the forum state simply by, as the Defendants here are, making products available on eBay. *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at *15-16. The Defendants passively made Otterbox's products available for sale, but those products are available to all eBay users, not simply those residing in California.

The second factor here weighs overwhelmingly in favor of the Defendants, because the burden on Defendants of litigating this matter in California would be great. Defendants have no contacts in California, control no employees in California, and own no property in California. (Chen Decl. ¶ 4, 16.). Moreover, defendant Chen does not even derive enough personal income from S&P to support herself—she works a full-time job in order to pay her living expenses. (Chen Decl. ¶ 19.). Chen runes S&P out of a small home office in College Point,

10

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

1  New York.  (Chen Decl. ¶ 5.). S&P's total income in 2011 as reported on its
2  United States Tax Return was $140,899. (Chen Decl. ¶ 18.). Conversely, Otterbox
3  is a massive corporation, with sales exceeding $347 million.[1] By their own
4  admission, Otterbox is an industry leader their products "have achieved an
5  extraordinary reputation and have garnered extensive coverage by the media
6  reports about consumer electronics products." (Complaint, ¶ 15.). Defending this
7  claim in the CDCA would be an extraordinary expenditure for Defendants, when
8  compared to Otterbox which has far deeper pockets and can afford to litigate away
9  from its own state. Indeed, it is clear that Otterbox can readily afford to litigate this
10 matter outside their own state, since it is a Colorado company and it has chosen
11 California as its forum.

12      The third factor is neutral here and warrants no discussion because
13 Otterbox's claims are purely under federal law.

14      The forth factor requires an inquiry into whether the forum state has an
15 interest in adjudicating the dispute—it does not. Otterbox is principally located in
16 Colorado, and Defendants are located in New York. California has no interest in
17 this case. In fact, California's interest in *not* hearing this case so as to avoid
18 clogging its federal courts with improperly jurisdictioned cases weighs against
19 Otterbox here. This factor is in Defendants' favor as well.

20      The fifth factor looks at the most efficient judicial resolution of the
21 controversy, and the Ninth Circuit has determined that this factor hinges on "where
22 the witnesses and the evidence are likely to be located." *Core-Vent Corp.*, 11 F.3d
23 at 1489. Since both parties are located out of California, and all of Defendants'
24 corporate books and records are located in New York, it would be extremely
25 inefficient for this Court to hear the case. (Chen Decl. ¶ 7.). This factor favors
26 Defendants also.

27
28 [1] A basic search of the online database Hoovers, a industry-standard source in compiling
corporate profiles, showed Otterbox Products' sales at $347.53.

11
MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

Factor six looks at the importance of the forum to Otterbox's interest in convenient and effective relief. The facts here are identical to *Imageline* with respect to this factor, and that court remarked that "Plaintiff's primary reason for selecting California as the forum appears to be that Plaintiff's counsel is located in California." *Imageline, Inc.*, 2009 U.S. Dist. LEXIS at *17. Since the Ninth Circuit has previously held that "plaintiff's convenience is not of paramount importance," Otterbox's self-serving rationale for choosing the Central District should not be considered here, and this factor should not be weighed in making a determination of reasonableness of jurisdiction.

Finally, the existence of an alternative forum,[2] which is the seventh and final factor set forth by the Ninth Circuit as a guide for determining reasonableness of specific personal jurisdiction weighs heavily in favor of the Defendants, since Otterbox could have filed the complaint in the EDNY where defendant Chen lives and where defendant S&P has its only office and headquarters.

Otterbox sets forth no facts that demonstrate Defendants had continuous and systematic contacts with California because Defendants do not control employees in California, are not required to pay taxes in California, nor do they own any real property in California. They also cannot sufficiently support a showing that Defendants purposely directed activities that caused harm so that it would be reasonable for them to anticipate being subject to jurisdiction in California. Thus, neither general nor specific jurisdiction can be established. Jurisdiction is not proper in California because Otterbox has failed the requisite tests set forth above, however even if jurisdiction is proper in California, this Court should exercise its discretion to change the venue to the EDNY.

---

[2] *See Harris Rutsky*, 328 F.3d at 1132.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

**B. TRANSFER OF VENUE: THE COURT SHOULD EXERCISE ITS DISCRETION TO TRANSFER THIS CLAIM TO THE EDNY.**

Federal statute gives this Court the discretion to transfer this lawsuit "(f)or the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a).  In order to support a motion to transfer pursuant to 28 U.S.C. § 1404(a), the moving party must establish that "(1) that venue is proper in the transferee district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice."  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Defendants satisfy this test.

      i.    **The venue is proper in the EDNY and the action might have been brought in that district**

The first two prongs of the test from *Goodyear Tire* warrant little discussion, and Otterbox makes no statements in its Complaint that would controvert a finding that they have been established. Otterbox claims that venue is proper in this District under 28 U.S.C. § 1391 (b) (2). (Complaint, ¶ 10.). 28 U.S.C. § 1391 (b)(2) permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." However, the statute also provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 USC § 1391 (b)(1). As stated above, both defendant Chen and defendant S&P are located in the EDNY. Clearly the evaluation of the *Goodyear* test should hinge on the analysis of the third factor: the convenience of the parties and the interests of justice would be served by transferring the action to the EDNY.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

### ii. The convenience of the parties and the interests of justice would only be served by transferring the action to the EDNY

A court considering whether removal to another jurisdiction would serve the interests of justice and convenience of the parties considers a number of private public interest factors that affect the convenience of the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). The Ninth Circuit and this District have refined the pertinent factors that courts in this District should evaluate—the criteria are: "(1) plaintiff's initial choice of forum; (2) the convenience of the witnesses—the ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses; (3) where the events took place, and the relative ease of access to sources of proof; (4) convenience of the parties; and (5) all other practical considerations that make the trial of a case easy, expeditious and inexpensive." *Goodyear Tire & Rubber Co.*, 820 F. Supp. at 507 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842-43 (9th Cir. 1986)).

### 1. Otterbox's choice of forum is entitled to less deference because it is located in Colorado

Where the plaintiff's choice of forum is not in its home state, less deference is given. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). Here, plaintiff Otterbox is located in Colorado, and does not have any connection the State of California. Thus, Otterbox is entitled to less deference on this factor.

### 2. The convenience of the witnesses favors a transfer

Many important witnesses are located in the EDNY and thus this factor favors Defendants. It has been long-held that the practical ability of a party to bring witnesses into court for testimony should be a fundamental consideration on determining proper venue: the Supreme Court has stated that "to fix a place of trial

14

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

at a point where litigants cannot compel personal attendance and may be forced to try their cases on depositions, is to create a condition not satisfactory to the court, jury, or most litigants." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).  Defendants Chen and S&P, parties as well as principal witnesses for Defendants, are both located in the EDNY. Moreover, at least two distributors that S&P relied on to purchase the alleged counterfeit products are located in New York, and those vendors may be important witnesses for the defense, or eventually impleaded into the instant litigation. (Chen Decl. ¶ 10.). Otterbox, as an industry-leader, has sufficient resources to transport witnesses to either Los Angeles or New York City, both of which would require substantial travel. However, for Defendants to procure and accommodate its New York witnesses so that those witnesses can participate in proceedings in the CDCA would be both inconvenient for those witnesses, and burdensome for the Defendants who have limited resources.

### 3. The location of events and sources of proof are in New York, favoring a transfer

The third *Goodyear* factor requires a showing by the moving party that the location of the events and the access to evidence favors a transfer. Here, the alleged acts by Defendants were consummated in New York since that is where Defendants' business operations take place. (Chen Decl. ¶ 7.). Moreover, Defendants' business records are located in New York. (Chen Decl. ¶ 7.). Also, as discussed herein, distributors that Defendants relied on to purchase the alleged counterfeit products from are located in New York, and those vendors may be the source of proof necessary for Defendants to adequately engage in the litigation. (Chen Decl. ¶10.). Given that intellectual property infringement cases typically involve hefty amounts of documentation, this factor often weighs in favor of the district where the alleged infringer is located. *See AEC One Stop Group, Inc. v. CD*

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

1  *Listening Bar, Inc.*, 325 F. Supp. 2d 525, 530 (S.D.N.Y. 2004) (observing that "the

2  bulk of evidence usually comes from the accused infringer"). Since the alleged

3  infringing-Defendants, are both located in New York, as are their company

4  records, this factor favors Defendants.

5

6  ### 4.  The convenience of the parties favors a transfer

7         As discussed, both defendant Chen and defendant S&P are located in New

8  York, and have modest means to afford litigation in California, in contrast to

9  Otterbox which would be no less inconvenienced by litigating in New York than in

10 California. Defendant Chen is an individual with limited personal resources who

11 works a full-time job outside of her duties at S&P in order to make her personal

12 ends meet. (Chen Decl. ¶ 19.). Travel to California would not only be extremely

13 inconvenient for her, it would also be unaffordable for her given her modest

14 resources. On the other hand, travel to New York would be inconsequentially less

15 burdensome for Otterbox than on the Defendants, as would travel to California—

16 both of which would require air travel into another time zone.

17        Courts also look at the relative size of each parties' business in considering

18 convenience of the parties. *Zumba Fitness, LLC v. Gail Brage*, 2011 WL 4732812,

19 *7 (C.D. Cal. 2011); *see also Hernandez v. Graebel Van Lines*, 761 F.Supp. 983,

20 989 (E.D.N.Y.1991) ("Where a disparity between the parties exists, such as an

21 individual plaintiff suing a large corporation, the court may also consider the

22 relative means of the parties in determining whether to transfer."). Here, Otterbox

23 is a massive corporation that does business internationally. Conversely, defendant

24 S&P is a small sole proprietorship whose owner, defendant Chen, derives a

25 relatively small amount of business income from. A comparison of the two

26 corporations reveals a vast disparity that favors Defendants with respect to a

27 transfer.

28

16

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM

**5.  Other considerations favor a transfer**

Other practical considerations and public interest considerations favor a transfer. Among these concerns are considerations for local interest in the lawsuit and burdens on local courts. *Piper Aircraft*, 454 U.S. at 259-61. Hearing a case that involves nonresident parties related to a claim alleging conduct that only passively implicates the forum state through eBay purchases is inappropriate in any federal jurisdiction that does not have an interest in the resolution of the suit. Since any of Otterbox's alleged harm would have been experienced in its home state of Colorado, it would be inappropriate to waste this Court's time in adjudicating this suit.

By evaluating the Ninth Circuit test, venue is not proper in California. Defendants respectfully request that this Court exercise its discretion in transferring this complaint to the proper venue which is the EDNY.

## IV.   <u>CONCLUSION</u>

As set forth above, Defendants have not purposefully directed their actions to the State of California.  Accordingly, they are not subject to jurisdiction in the CDCA or elsewhere in this State. Offering the alleged infringing products for purchase on eBay is insufficient to establish the minimum contacts required to establish personal jurisdiction because such activities were not purposefully directed at California residents and did not cause any harm to California residents. Even assuming jurisdiction were proper in the CDCA, this action should be moved to the EDNY where the Defendants, and most of the relevant witnesses and sources of proof are located. Since neither party is located in the CDCA, there is no local interest in adjudicating this claim in this District. Moreover, in weighing the disparity between the parties, and the relative burden that would be imposed on the Defendants who have limited resources, a transfer to the EDNY would be an

17

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER VENUE

HAWKINS & STETSON, .P.C.

245 PARK AVENUE ▪ NEW YORK, NEW YORK 10167 ▪ TELEPHONE: 212-792-4295 ▪ FAX: 888-908-5236 ▪ WWW.HAWKINSSTETSON.COM

1   appropriate application of this Court's discretion.

2   Dated:  July 23, 2012                 HAWKINS & STETSON, P.C.

3

4                                         By _____

5                                            JEFFREY L. HAWKINS

6                                            Attorneys for S&P TRADING, INC., and
                                             PEARL CHEN
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMSS OR TRANSFER
VENUE

HAWKINS & STETSON, .P.C.

245 PARK AVENUE ■ NEW YORK, NEW YORK 10167 ■ TELEPHONE: 212-792-4295 ■ FAX: 888-908-5236 ■ WWW.HAWKINSSTETSON.COM