UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4209 PA (JEMx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Otter Products, LLC v. S & P Trading, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue filed by defendants S & P Trading, Inc. and Pearl Chen ("Defendants") (Docket Nos. 13 & 18).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 29, 2012, is vacated, and the matter taken off calendar.

I.   Factual Background

Plaintiff Otterbox Products, LLC ("Plaintiff") commenced this action on May 14, 2012.  Plaintiff alleges claims for trademark infringement against Defendants arising out of Defendants' sales of allegedly counterfeit Otterbox protective carrying cases for electronics products.  Plaintiff is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado.  Defendants are located in College Point, New York, within the Eastern District of New York.  According to Plaintiff, Defendants sold the infringing products through a storefront or webpage on eBay.  The Complaint alleges that as of May 11, 2012, Defendants had sold more than 120,000 Otterbox products.  One of those sales was made to an investigator retained by Plaintiff in California.  Plaintiff's investigator ordered an Otterbox product from Defendants and Defendants shipped it to California, where it was inspected and determined to be counterfeit.

In their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue, Defendants contend that their sales in California are insufficient to provide this Court with personal jurisdiction over them.  Defendants additionally argue that litigating this action in California would unduly burden them and that Plaintiff's connections with the Central District are insufficient to justify the continuation of the action in this forum.  After receiving the parties' initial briefing, the Court allowed Plaintiff to conduct jurisdictional discovery and for the parties to submit supplemental briefs. Through that jurisdictional discovery, Plaintiff obtained documentation of the scope of Defendants' sales both nationally and in California.  Specifically, Plaintiff has evidence that Defendants sold 146,025 units of Otterbox-branded products from May 2010 through June 2012, with gross revenues of $2,845,000.  Of those sales, 9,293 units were sold in California for gross California revenues of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4209 PA (JEMx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Otter Products, LLC v. S & P Trading, Inc., et al. | | |

$173,551.03. Plaintiffs additionally obtained evidence that Defendants purchased $1,719.20 in Otterbox merchandise from a California supplier.

II.     Legal Standard

Although courts typically decide subject matter jurisdiction before personal jurisdiction, and personal jurisdiction before venue, the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572, 143 L. Ed. 2d 760 (1999) (holding that when an "alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction"); Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 67 L. Ed. 2d 464 (1979) (holding that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue").  Because of the significant venue issues raised by Defendants' Motion, the Court will address venue before considering the other issues raised by the Motion.

        A.      Motion to Transfer

Under 28 U.S.C § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  A court may transfer venue in response to a motion by either party in the case, or upon its own motion.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).  However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other."  Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially.  Id.  Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction.  The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

                1.      This Action Could Have Been Brought in the Eastern District of New York

Plaintiff does not dispute that it could have commenced this action in the Eastern District of New York, where both Defendants reside.  The Court therefore concludes that this action could have been brought in the Eastern District of New York.  See 28 U.S.C. § 1391(c).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4209 PA (JEMx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Otter Products, LLC v. S & P Trading, Inc., et al. | | |

    2.    <u>The Interests of Convenience and Justice Are Served By Transfer</u>

In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations.  <u>See</u> <u>Decker Coal Co. v Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986); <u>E. & J. Gallo Winery v. F. & P. S.P.A.</u>, 899 F. Supp. 465 (E.D. Cal. 1994).  The factors are each sub-categories of the three general factors listed in the text of section 1404(a) itself:  the convenience of parties, the convenience of witnesses, and the interest of justice.  The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case.  <u>See e.g.</u>, <u>id.</u> at 466.  There is a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here.  Thus, rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

    a.    <u>Plaintiffs' Choice of Forum</u>

When considering a transfer, a court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to upset that choice.  <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987); <u>Decker Coal Co.</u>, 805 F.2d at 843.  Plaintiff's choice is given less weight, however, where the chosen forum lacks any significant contact with the activities alleged in the complaint.  According to the Ninth Circuit:

> Plaintiff's choice of forum, then, is not the final word.  In judging the weight to be given such a choice, as is the case with other types of actions, consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action.  If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.

<u>Pac. Car & Foundry Co. v. Pence</u>, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted); <u>see also</u> <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").  "The weight given to the plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum."  <u>Valadez Lopez v. Chertoff</u>, 2007 U.S. Dist. LEXIS 56041, 2007 WL 2113494 at *2 (N.D. Cal. July 20, 2007); <u>see also</u> <u>Gemini Capital Group v. Yap Fishing Corp.</u>, 150 F.3d 1088, 1091 (9th Cir. 1998) (district court correctly acted on Ninth Circuit authority in granting less deference to plaintiffs' choice of forum where no plaintiff was a resident of that forum).  "The policy

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4209 PA (JEMx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Otter Products, LLC v. S & P Trading, Inc., et al. | | |

behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping." Williams v. Bowman, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001).

Plaintiff is headquartered in Colorado. And while it has a considerable amount of sales in California and maintains some business relationships with companies located in California, it does not maintain a large staff here. Instead, it appears that Plaintiff retained counsel here, and initiated an investigation in California, without any significant ties to this forum or any particular rationale supporting a finding that a substantial part of the events giving rise to Plaintiff's claim occurred here. The Court therefore concludes that Plaintiff's choice of forum, is entitled to no deference.

b. Convenience to the Parties

Plaintiff's headquarters are located in Colorado, while Defendants reside in the Eastern District of New York. The Central District of California is no more convenient for Plaintiff than is the Eastern District of New York.[1] Obviously, the Eastern District of New York would be a more convenient forum for Defendants. Based on these considerations, the Court concludes that the convenience to the parties factor substantially in favor of venue in the Eastern District of New York.

c. Convenience to the Witnesses

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." Kannar v. Alticor, Inc., 2009 U.S. Dist. LEXIS 35091 at *4 (N.D. Cal. April 4, 2009) (internal citation omitted). Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." Id.; Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.") (internal citation omitted). Here, other than custodians of records at eBay and Pay Pal, and a supplier of a small fraction of the products potentially at issue, Plaintiff has not identified any non-party-affiliated witnesses in California. Having weighed the evidence provided by the parties, the Court concludes that this factor does not weigh either for or against transfer.

---

[1] In its Opposition to the Motion to Transfer, Plaintiff never requested to transfer the action to the District of Colorado.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4209 PA (JEMx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Otter Products, LLC v. S & P Trading, Inc., et al. | | |

d.  Interests of Justice

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments.  See 17 James Wm. Moore, Moore's Federal Practice § 111.13[1][n], at 111-90 (3d ed. 2004). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'"  Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting Coffee v. Van Dorn Iron Works, 796 F.2d 217, 220–21 (7th Cir. 1986)).  Both the Central District of California and the Eastern District of California have extensive experience involving the litigation of trademark infringement actions and a substantially equivalent level of experience with the relevant federal law.  Plaintiff's filing of an action against Defendants in a forum on the opposite side of the country from where Defendants reside, and in which Plaintiff's have no substantial contacts, raises the potential that Plaintiff chose an inconvenient forum to unfairly increase Defendants' defense costs and obtain an advantage in this litigation.  The interests of justice therefore weigh in favor of transfer to the Eastern District of New York.

Conclusion

For the foregoing reasons, the Court grants Defendants' Motion, in the Alternative, to Transfer to the Eastern District of New York.  As a result of the Court's ruling on the Motion to Transfer, the Court need not address the issues raised by Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  The Clerk is ordered to transfer this action to the Eastern District of New York for the convenience of the parties and witnesses.  See 28 U.S.C. § 1404.

IT IS SO ORDERED.